**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Robert J. McGuire, Esq. (Attorney I.D. #04636-1992)
*Physical Address:* 2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648
*Mailing Address:* P.O. Box 5404, Princeton, NJ 08543
(609) 392-2100
Attorneys for Plaintiffs, Coach, Inc.
and Coach Services, Inc

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                  :
COACH, INC. and COACH SERVICES, INC.,             :     DOCUMENT FILED
                                                  :     ELECTRONICALLY
                    Plaintiffs,                    :
                                                  :     **Civil Action No.**
              vs.                                  :
                                                  :
                                                  :     <u>**COMPLAINT AND DEMAND**</u>
ADAM'S GIFT SHOP A/K/A NIKLANTH T-SHIRTS:          <u>**FOR TRIAL BY JURY**</u>
& MORE, and DOES 1 THROUGH 10,                     :
                                                  :
                    Defendant(s).                  :
                                                  :
                                                  :
                                                  :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as

"Coach"), through their undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, for their

complaint against Defendants allege as follows:

<u>**Nature of the Action**</u>

1.      This is an action for trademark infringement, trade dress infringement, and

counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); trafficking

in counterfeit trademarks under N.J.S.A § 56:3-13.16, unfair competition under N.J.S.A. § 56:4-1

et seq., trademark infringement under the common law of New Jersey, and unjust enrichment under the common law of New Jersey.

## Jurisdiction and Venue

2.　　Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.　　This Court has personal jurisdiction over the individual Defendants because they conduct business and/or reside in the State of New Jersey, and as to the entities, because they are incorporated, and/or registered and/or authorized to conduct business in the State of New Jersey.

4.　　Venue is properly found in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.　　Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

6.　　Upon information and belief, Adam's Gift Shop, LLC ("Adam's") a/k/a "Niklanth T-Shirts & More," is a New Jersey limited liability company with its principal place of business located at 4315 Bergenline Ave. in Union City, New Jersey.

7.     Upon information and belief, John Does 1 and 2 ("DOE 1" and "DOE 2") are the members of the limited liability company Adam's, who knowingly contributed to the unlawful activities described below.  Furthermore, Doe 1 and 2 have used Adam's to perpetrate an injustice against Plaintiffs or otherwise circumvent the law.

8.     Upon information and belief, Defendants DOES 3 through 10 are additional owners employees of Adam's and/or entities that knowingly contributed to the unlawful activities described below.

9.     Plaintiffs are unaware of the names and true capacities of the Defendants, whether individual, corporate and/or partnership entities named herein as DOES 3 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 3 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 3 through 10, inclusive, have a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants and DOES 3 through 10, inclusive, failed and/or refused to perform.

### The World Famous Coach Brand and Products

11.     Coach was founded more than seventy years ago as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, including eyewear, footwear including shoes, jewelry and watches.  Coach sells goods through its own specialty retail stores, department stores, catalogs and via an Internet website, www.coach.com, throughout the United States and elsewhere.

12.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including those detailed in paragraphs 23 of this Complaint (collectively, the "Coach Marks").

13.     Coach has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding $3 billion dollars.

### The Coach Trademarks

14.     Coach is the owner of the following United States Federal Trademark Registrations (together, the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry | April 15, 2008 | Coach est.1941 |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods,  metal key fobs, leather key fobs jewelry, watches, umbrellas | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves , hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 | |

7

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 | |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 | |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 | |

8

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 |  |
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |  |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

15.     These registrations are valid, subsisting in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

16.     The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

17.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

18.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

19.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**The Coach Trade Dress**

20.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics,

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation,  were assigned in full to Coach on or about October 2, 2000.

hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

21.    Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

22.    The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

23.    Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

### Defendants' Acts of Infringement and Unfair Competition

24.    Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements (collectively, the "Infringing Products").  Defendants' specific conduct includes, among other things:

A.    Defendants prominently display counterfeit Coach goods as an enticement to attract potential customers to its business, including approximately 80 handbags purporting to be authentic Coach handbags.

B.    On or about April 28, 2015, investigators from the firm Allegiance Protection Group, Inc. ("Allegiance") entered the retail space of Adam's located at 4315 Bergenline Ave., in Union City, New Jersey, and purchased from an Adam's employee present at that time what was represented to be a Coach handbag for $40.00.

C.    The handbag in question was not authentic Coach merchandise, but rather was counterfeit.

25.     The merchandise sold was not an authentic Coach product.  The overall quality of the materials used and the craftsmanship of the items are not the type and quality used by Coach in the production of authentic Coach goods.  The Coach Trademark on the item was either incorrect or inconsistent with the Coach Marks found on authentic Coach merchandise.  Overall, the quality and craftsmanship of the item does not meet the high quality standards of Coach.

26.     At all times, Defendants were and are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements, and the incalculable goodwill associated therewith.

27.     Defendants have no license, authority or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

28.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

29.     Defendants' activities, as described above, are likely to create a false impression, or to deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

30.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products unless otherwise restrained.

31.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

32.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 40 as if set forth at length herein.

33.     Defendants, without authorization from Coach, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

34.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

35.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

36.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

37.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

38.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

39.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

<u>**COUNT II**</u>
**(Trademark Infringement, 15 U.S.C. § 1114)**

40.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 48 as if set forth at length herein.

41.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

42.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

43.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

44.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

45.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

46.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

47.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

48.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 56 as if set forth at length herein.

49.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

50.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

51.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public or the trade who recognize and associate the Coach Trade Dresses with Coach.  Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public or the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants and the Infringing Products.

52.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

53.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

54.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

55.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

56.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

57.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 65 as if set forth at length herein.

58.     Defendants' promotion, advertising, distribution, sale and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, or is intended, or is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

59.     The foregoing acts of Defendants constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

60.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

61.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

62.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

63.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 71 as if set forth at length herein.

64.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

65.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

66.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

67.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

68.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

69.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

70.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Trademark Counterfeiting, N.J.S.A § 56:3-13.16)

71.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 79 as if set forth at length herein.

72.     Defendants have used, without Coach's consent,  reproductions, counterfeits, copies, or colorable imitations of  Coach's Trademarks in connection with the sale, distribution, offering for sale or advertising of the Infringing Products, which are likely to cause confusion, mistake or to deceive consumers, the public or the trade as to their source or origin.

73.     The foregoing acts of Defendants constitute trademark counterfeiting in violation of  N.J.S.A. § 56:3-13.16.

74.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

75.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

76.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VII
### (Unfair Competition N.J. S.A. § 56:4-1 et seq.)

77.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 85 as if set forth at length herein.

78.     The foregoing acts of Defendants constitute unfair competition in violation of N.J.S.A. § 56:4-1.

79.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

80.     Defendants are liable to Plaintiffs for all damages, whether direct or indirect, for the misappropriation of Plaintiffs' name, brand, trademark, reputation and goodwill, which damages are subject to trebling.

81.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

82.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Common Law Trademark Infringement)

83.     Coach repeats the allegations as set forth in paragraphs 1 through 91 as if set forth in length herein.

84.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

85.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

86.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

87.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberative intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

88.     Defendants' acts constitute trademark infringement in violation of the common law of the State of New Jersey.

89.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

90.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

91.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IX**
**(Unjust Enrichment)**

92.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 101 as set forth at length herein.

93.     The acts complained of above constitute Defendants' unjust enrichment at Coach's expense, in violation of the common law of the State of New Jersey.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and  Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have trafficked in counterfeit marks in violation of N.J.S.A. § 56:3-13.16; (iii) Defendants have engaged in unfair competition in violation of N.J.S.A. § 56:4-1 et seq.; (iv) Defendants have engaged in trademark infringement in violation of New Jersey common law; and (v) Defendants have been unjustly enriched in violation of New Jersey common law;

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116,  17 U.S.C. § 502,  N.J.S.A. § 56:3-13.16(d) and N.J.S.A. § 56:4-2, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.　　manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

2.　　engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and

3.　　engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted;

C.　　Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as the means of making same;

D.　　Requiring Defendants to file with this Court and to serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.　　Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants has been authorized by Coach, or is related in any way with Coach and/or its products;

21

F.      Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts, and also awarding Coach its actual damages, and directing that such profits or actual damages be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. §§ 56:3-13.16(d) and 56:4-2;

G.      Awarding Coach punitive damages to which it is entitled under applicable federal or state laws;

H.      Awarding Coach its costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. § 56:3-13.16(d);

I.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

J.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury.

                        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
                        Attorneys for Plaintiffs, Coach, Inc. and Coach Services, Inc.

                By:     /s/   Robert J. McGuire
                        rmcguire@eckertseamans.com

                        Robert J. McGuire, Esq.

Dated:  December 1, 2016

22

## L.CIV.R. 11.2 CERTIFICATION

The undersigned certifies that the matter in controversy in the within action is not the subject of any other civil action pending in any court or of any pending arbitration or administrative proceeding.

**ECKERT SEAMANS CHERIN &
MELLOTT, LLC**
Attorneys for Plaintiffs, Coach, Inc. and
Coach Services, Inc.

By:    /s/   Robert J. McGuire
           rmcguire@eckertseamans.com

Dated:  December 1, 2016